ORIGINAL

# In the United States Court of Federal Claims

No. 15-1026C
(Filed December 16, 2016)
NOT FOR PUBLICATION

FILED

DEC 1 6 2016

U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*
\*
\*
JERMAINE A. HARRIS,     \*
\*
     Plaintiff,     \*
    v.     \*
\*
THE UNITED STATES,     \*
\*
     Defendant.     \*
\*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

## ORDER

On October 31, 2016, this court dismissed *pro se* plaintiff Jermaine A. Harris's complaint for lack of subject-matter jurisdiction. On November 28, 2016, plaintiff filed a motion for rehearing, which the Court construes as a motion for reconsideration of the earlier decision, under Rule 59 of the Rules of the United States Court of Federal Claims. Pl.'s Mot. for Rehearing (Pl.'s Mot.). In that motion, plaintiff maintains that the Court misunderstood certain authorities and that the court does in fact have jurisdiction over his complaint. *Id.* at 1. But Mr. Harris is the one who fails to understand the relevant law. As was previously explained, Congress has not given our court the power to hear cases complaining about the actions of state and local officials (or, even if plaintiff is correct in his claims, of private parties).

Plaintiff's arguments are difficult to discern, and a careful review of his motion discloses two sources of his substantive rights --- Article VI of the U.S. Constitution and a purported "commercial contract" between the United States and the State of Florida. Pl.'s Mot. at 7–9. As this court has previously held, Article VI is not money-mandating. *See Marshall v. United States*, 2010 WL 125978, at \*3 (Fed. Cl. Jan. 14, 2010). Plaintiff's theory concerning a contract between the United States and the State of Florida would likewise not support jurisdiction because Mr. Harris cannot claim to be a party to such a contract. The Court previously

explained the flaw in Mr. Harris's attempt to base jurisdiction in this court on disputes between the United States and third parties. *See Harris v. United States*, 2016 WL 6427661, at *4 (Fed. Cl. Oct. 31, 2016) (explaining why Mr. Harris cannot sue the United States in this court based on an alleged fraud committed against the United States by purported agents of the State of Florida). Plaintiff also suggests he has been denied equal protection of the laws. *See* Pl.'s Mot. at 7. Our court, however, does not have jurisdiction over claims founded upon the equal protection component of the Fifth Amendment. *See Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Plaintiff still has not established that any of his claims fall within our court's subject-matter jurisdiction. Accordingly, his motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Judge